JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
American Fire and Casualty Company

**(b)** County of Residence of First Listed Plaintiff: Suffolk County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John C. Sullivan/Allison R. Radocha (Post & Schell, P.C.), Four Penn Center - 13th Fl., Philadelphia, PA 19103 (Phone: 215-587-1000)

## DEFENDANTS
Normandy Development, L.P., et al.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2201, et seq., 28 U.S.C. Section 1332, and 28 U.S.C., Section 1391(b)

Brief description of cause:
Declaratory Judgment Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/26/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY | : | CIVIL ACTION |
| v. | : | |
| NORMANDY DEVELOPMENT, L.P., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 02/26/2019 | Allison R. Radocha | Attorney for Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 587-1000 | (215) 587-1444 | aradocha@postschell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 175 Berkeley Street, Boston, MA 02117

Address of Defendant: 1767 Sentry Parkway West, Suite 200, Blue Bell, PA 19422

Place of Accident, Incident or Transaction: Blue Bell, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/26/2019     _____     208097
                      *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Allison R. Radocha, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 02/26/2019     _____     208097
                      *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN FIRE AND CASUALTY COMPANY** : <br> 175 Berkeley Street <br> Boston, MA 02117 <br><br> and <br><br> **THE OHIO CASUALTY INSURANCE COMPANY** <br> 175 Berkeley Street <br> Boston, MA 02117, <br><br> Plaintiffs <br><br> v. <br><br> **NORMANDY DEVELOPMENT, L.P.** <br> 1767 Sentry Parkway West <br> Suite 200 <br> Blue Bell, PA 19422 <br><br> and <br><br> **HANSEN PROPERTIES, INC.** <br> 1710 Walton Road <br> Blue Bell, PA 19422 <br><br> and <br><br> **ALI MOHAMED ALI** <br> 3 Washington Avenue <br> Norristown, PA 19401 <br><br> and <br><br> **NORMAN F. VENEZIA** <br> 2630 Mann Road <br> Norristown, PA 19403, <br><br> Defendants. | CIVIL ACTION <br> NO. _____ |

## COMPLAINT

**NOW COMES**, Plaintiffs, American Fire and Casualty Company and The Ohio Casualty Insurance Company, by and through their attorneys, Post & Schell, P.C., file the following Complaint against Normandy Development, L.P., Hansen Properties, Inc., Ali Mohamed Ali, and Norman F. Venezia, and in support thereof aver as follows:

## THE PARTIES

1. Plaintiff, American Fire and Casualty Company ("American Fire"), is company organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2. Plaintiff, The Ohio Casualty Insurance Company ("Ohio Casualty"), is company organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

3. On information and belief, Defendant, Normandy Development, L.P., ("Normandy") is a limited partnership organized under the laws of the Commonwealth of Pennsylvania with a registered address at 1767 Sentry Parkway West, Suite 200, Blue Bell, Pennsylvania and with a principal place of business at 1401 Morris Road, Blue Bell, Pennsylvania.

4. On information and belief, Defendant, Hansen Properties, Inc. ("Hansen"), is a corporation incorporated in the Commonwealth of Pennsylvania with a principal place of business at 1710 Walton Road, Blue Bell, Pennsylvania.

5. On information and belief, Defendant, Ali Mohamed Ali ("Ali"), is a citizen of the Commonwealth of Pennsylvania residing at 3 Washington Avenue, Norristown, Pennsylvania, 19401.

6. On information and belief, Defendant, Norman F. Venezia ("Venezia"), is a citizen of the Commonwealth of Pennsylvania residing at 2630 Mann Road, Norristown, Pennsylvania, 19403.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists between the plaintiffs, on the one hand, and defendants, on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that all defendants have their principal places of business or reside in this judicial district and this case concerns an insurance contract, which was entered into in this judicial district.

## NATURE OF THE ACTION

9. This is an action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and various statutory, codified, and common laws seeking, *inter alia*, declaratory relief as to the rights and obligations of the parties under the Business Automobile Policy issued by American Fire to Normandy Development, LP, Ballenrose Golf Management Co. c/o Hansen Properties, Inc. (the "American Fire Policy") and the Commercial Umbrella Policy issued by Ohio Casualty to Normandy Development, LP, Ballenrose Golf Management Co. c/o Hansen Properties, Inc. (the "Ohio Casualty Policy"), with respect to a suit filed by Venezia against Normandy, Hansen, and Ali in the Court of Common Pleas of Montgomery County, filed as Case No. 2018-26710 (the "Underlying Litigation").

10. More specifically, American Fire and Ohio Casualty seek a declaration that they have no obligation (a) to defend Normandy, Hansen, and Ali in connection with the Underlying

3

Litigation or (b) to pay any amount Normandy, Hansen, and Ali may be obligated to pay as a result of a judgment or settlement in connection with the Underlying Litigation.

## FACTUAL BACKGROUND

### I. The Underlying Litigation

11.  On or about November 9, 2018, a Civil Complaint was filed in the Underlying Litigation (the "Underlying Complaint"). A true copy of the Underlying Complaint is attached hereto as Exhibit A.

12.  In the Underlying Complaint, Venezia alleges that, at approximately 3:23 pm on December 12, 2016, Ali was operating a 2014 Dodge Ram owned by Normandy and/or Hansen ("Normandy Vehicle"). (Underlying Complaint, ¶¶ 6 – 7)

13.  In the Underlying Complaint, Venezia further alleges that, while Ali was operating the Normandy Vehicle, "he attempted to pass the vehicle being driven by NORMAN VENEZIA by entering the eastbound travel lanes of Welsh Road and while doing so slammed into the rear of the vehicle being driven by NORMAN VENEZIA." (Underlying Complaint, ¶ 8)

14.  In the Underlying Complaint, Venezia alleges further that Ali "was distracted and operating his handheld cell phone while he was driving and not paying attention to the other vehicles about the roadway." (Underlying Complaint, ¶ 9)

15.  In the Underlying Complaint, Venezia alleges that Ali was "acting as an agent, servant and/or employee" of Normandy and Hansen and was operating the Normandy Vehicle with their "express and implied knowledge, consent, and permission." (Underlying Complaint, ¶¶ 10 – 11)

16.  In the Underlying Complaint, Venezia further alleges that Ali "was excluded as a permissible driver of the Normandy [V]ehicle." (Underlying Complaint, ¶ 12)

4

17. In the Underlying Complaint, Venezia also alleges that Normandy and Hansen "knew or should have known that [Ali], was unfit to operate the Normandy [V]ehicle." (Underlying Complaint, ¶ 13)

18. In the Underlying Complaint, Venezia alleges further that "[a]s a direct and proximate result of the accident, [Venezia] has sustained serious, painful and permanent injuries, which injuries [sic] include: injury and/or aggravation of pre-existing injury/degenerative changes to the cervical spine, cervical radiculopathy, cervical strain and sprain, and other injuries to be set forth as discovery proceeds." (Underlying Complaint, ¶ 15)

19. In the Underlying Complaint, Venezia further alleges that, as a result of the accident, he required and continues to require medical treatment and suffered a loss of earnings, pain, discomfort, and embarrassment. (Underlying Complaint, ¶¶ 16 – 18)

20. Count I of the Underlying Complaint is labeled "Negligence;" Count II is labeled "Negligent Entrustment;" and Count III is labeled "Negligent Hiring and/or Supervision/Retention."

21. Venezia has demanded compensatory damages in the amount of $150,000.00.

**II.   The American Fire Policy**

22. American Fire issued the American Fire Policy, policy number BAA (17) 56 65 42 01 with effective dates from June 6, 2016 to June 6, 2017, to Normandy Development, LP, Ballenrose Golf Management Co. c/o Hansen Properties, Inc. A true and correct copy of the American Fire Policy is attached hereto as Exhibit B.

23. The American Fire Policy contains the following insuring agreement in **SECTION II – LIABILITY COVERAGE**:

   A.   **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto. "

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos." However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident."

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

24. The American Fire Policy contains the following with respect to **Who Is An Insured**:

The following are "insureds":

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

   (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

   (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

   (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

6

  (5) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

 c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

25. The American Fire Policy states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured show in the Declarations."

26. The terms "accident," "auto," "bodily injury," "employee," and "insured," are defined in the American Fire Policy as follows:

 A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

 B. "Auto" means:

  1. A land motor vehicle, "trailer" or semi-trailer designed for travel on public roads; or

  2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

  However, "auto" does not include "mobile equipment."

 C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

 F. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

 G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

27. The American Fire Policy contains an **EXCLUSION OF NAMED DRIVER – PENNSYLVANIA (CA 85 31 07 04)** endorsement ("Named Driver Exclusion") which states, in relevant part, as follows:

> This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

7

| Endorsement effective 08/03/2016 at 12:01 A.M. standard time | |
|---|---|
| Named insured NORMANDY DEVELOPMENT LP | Countersigned by |

In consideration of the premium at which this policy is written it is understood and agreed that no coverage is provided for any claim arising from an accident or loss that occurs while a covered auto or nonowned auto is operated by

Named Persons(s)

1. ALI ALI

2.

This includes any claim for damages made against you, a relative, or any other person or organization that is vicariously liable for an accident arising from the operation of a covered auto or non-owned auto.

Should a court find that this endorsement does not apply, the limit of the company's liability shall not be more than the limit of the financial responsibility law of the state in which such finding was made.

This endorsement is in effect an shall apply to all subsequent renewals, policy endorsements, reinstatements, or continuations of this policy and can only be cancelled or deleted by written request of the Named Insured, with approval of the company.

**III.   The Ohio Casualty Policy**

28.   Ohio Casualty issued the Ohio Casualty Policy, policy number USO (17) 56 65 42 01 with effective dates from June 6, 2016 to June 6, 2017, to Normandy Development, LP, Ballenrose Golf Management Co. c/o Hansen Properties, Inc.  A true and correct copy of the Ohio Casualty Policy is attached hereto as Exhibit C.

29.   The Ohio Casualty Policy contains the following Insuring Agreements:

    **I.   COVERAGE**

> We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury" or "advertising injury" that takes place during the Policy Period and is caused by an

8

"occurrence" happening anywhere. The amount we will pay for damages is limited as described below in the **Insuring Agreement Section II, Limits of Insurance**.

\* \* \*

 **III.**   **DEFENSE**

  A.   We shall have the right and duty to investigate any "claim" and defend any "suit" seeking damages covered by the terms and conditions of this policy when:

   1.   the applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other underlying insurance providing coverage to the "Insured" have been exhausted by actual payment of "claims" for any "occurrence" to which this policy applies; or

   2.   damages are sought for any "occurrence" covered by this policy but not covered by any underlying policies listed in the Schedule of Underlying Insurance or any other underlying insurance providing coverage to the "Insured."

30.   The term "Insured" is defined in the Ohio Casualty Policy as follows:

  F.   "Insured" means each of the following the extent set forth:

\* \* \*

   6.   Any of your partners, executive officers, directors or employees but only while acting within the scope of their duties.

   However, the coverage granted by this Provision **6.** does not apply to the ownership, maintenance, use, "loading" or "unloading" of any "autos," aircraft or watercraft unless such coverage is listed in the Scheduling of Underlying Insurance and for no broader coverage than is provided under such underlying policies.

31.   The Ohio Casualty Policy contains the following **AUTO LIABILITY - FOLLOWING FORM** endorsement ("Following Form Endorsement"):

1.   The following exclusion is added to **Section IV. - EXCLUSIONS:**

9

> This insurance does not apply to:
>
> Any liability arising out of the ownership, maintenance, use or entrustment to others of any "auto". Use includes operation and "loading" or "unloading". This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured".
>
> This exclusion does not apply to the extent that insurance for such liability is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage that is provided by such policy.

### IV.  Reservations of Rights by American Fire

32.  By way of a letter dated December 10, 2018, American Fire advised Normandy and Hansen that American Fire would provide a defense in the Underlying Litigation subject to a reservation of rights based on the Named Driver Exclusion. American Fire specifically stated that its

> provision of a defense in this Lawsuit is subject to a reservation to our right to deny coverage (including any obligation to indemnify) for any settlement or judgment paid or incurred as a result of this Lawsuit, as well as our right to contest the existence of coverage in a declaratory judgment action. Among other things, to the extent permitted by applicable law, we reserve the right to (1) withdraw from the defense provided in the event it is determined that we have no obligation to defend in this Lawsuit;...

33.  By way of a letter dated December 10, 2018, American Fire advised Ali that American Fire would provide a defense in the Underlying Litigation subject to a reservation of rights based on the Named Driver Exclusion. American Fire specifically stated that its

> provision of a defense in this Lawsuit is subject to a reservation to our right to deny coverage (including any obligation to indemnify) for any settlement or judgment paid or incurred as a result of this Lawsuit, as well as our right to contest the existence of coverage in a declaratory judgment action. Among other things, to the extent permitted by applicable law, we reserve the right to (1) withdraw from the defense provided in the event it is determined that we have no obligation to defend in this Lawsuit;...

## NECESSITY OF DECLARATORY JUDGMENT

34.     An actual controversy has arisen between the parties in that the Underlying Complaint was tendered to American Fire for defense and coverage and American Fire takes the position that it has no obligation to defend Normandy, Hansen, and Ali in connection with the Underlying Litigation or to pay any liability Normandy, Hansen, and Ali may incur, whether through a settlement, judgment or otherwise, in connection with the Underlying Litigation.

35.     Although the Underlying Complaint was not tendered to Ohio Casualty for defense and coverage, an actual controversy has arisen between the parties in that Ohio Casualty takes the position that it has no obligation to defend Normandy, Hansen, and Ali in connection with the Underlying Litigation or to pay any liability Normandy, Hansen, and Ali may incur, whether through a settlement, judgment or otherwise, in connection with the Underlying Litigation.

36.     Consequently, American Fire and Ohio Casualty seek a declaration of the parties' respective rights and obligations under the American Fire Policy and the Ohio Casualty Policy.

## COUNT I

### DECLARATORY RELIEF ON BEHALF OF AMERICAN FIRE AGAINST NORMANDY DEVELOPMENT, L.P., HANSEN PROPERTIES, INC., AND ALI MOHAMED ALI

37.     The allegations contained in paragraphs 1 through 36 of this Complaint are incorporated herein by reference as though set forth at length herein.

38.     Based upon a review of the Underlying Complaint in comparison to the language of the American Fire Policy, there is no coverage and no duty to defend Normandy, Hansen, and Ali in connection with the Underlying Litigation because the alleged conduct falls under the scope of an exclusion which bars coverage for this matter.

39. Pursuant to the Named Driver Exclusion endorsement contained in the American Fire Policy, there is no coverage for "any claim arising from an accident or loss that occurs while a covered auto or nonowned auto is operated by" Ali, "include[ing] any claim for damages made against [Normandy or Hansen]…"

40. The Underlying Complaint alleges that Ali was operating the Normandy Vehicle when he collided with Venezia. (Underlying Complaint, ¶¶ 6 – 8)

41. The Underlying Complaint alleges that Ali was "acting as an agent, servant and/or employee" of Normandy and Hansen and was operating the Normandy Vehicle. (Underlying Complaint, ¶ 10)

42. The Underlying Complaint further alleges that Ali was "excluded as a permissible driver of the Normandy [V]ehicle" and Normandy and Hansen "knew or should have known that [Ali], was unfit to operate the Normandy [V]ehicle." (Underlying Complaint, ¶¶ 12 – 13)

43. As a result, the claims asserted in the Underlying Complaint are excluded from coverage pursuant to the Named Driver Exclusion in the American Fire Policy.

**WHEREFORE**, Plaintiff, American Fire & Casualty Company, respectfully request that this Court enter:

(a) An Order declaring that Plaintiff, American Fire & Casualty Company, is not obligated to defend Normandy Development, L.P., Hansen Properties, Inc., or Ali Mohamed Ali in connection with the civil action in the Court of Common Pleas, Montgomery Count, filed as Case No. 2018-26710-0;

(b) An Order declaring that Plaintiff, American Fire & Casualty Company, is not obligated to pay any judgment entered against or settlement made by Normandy Development, L.P., Hansen Properties, Inc., or Ali Mohamed Ali in connection with the civil action in the Court of Common Pleas, Montgomery Count, filed as Case No. 2018-26710-0;

(c) An Order for such other or alternative relief consistent with the claims and causes asserted in this Complaint.

## COUNT II

### DECLARATORY RELIEF ON BEHALF OF OHIO CASUALTY AGAINST NORMANDY DEVELOPMENT, L.P., HANSEN PROPERTIES, INC., AND ALI MOHAMED ALI

44. The allegations contained in paragraphs 1 through 43 of this Complaint are incorporated herein by reference as though set forth at length herein.

45. Based upon a review of the Underlying Complaint in comparison to the language of the Ohio Casualty Policy, there is no coverage and no duty to defend Normandy, Hansen, and Ali in connection with the Underlying Litigation because the Following Form Endorsement generally bars coverage for "[a]ny liability arising out of the ownership, maintenance, use or entrustment to others of any 'auto'," . . . even if the claims against any 'insured' allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that 'insured'."

46. The Following Form Endorsement contains an exception under which "[t]his exclusion does not apply *to the extent that insurance for such liability is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage that is provided by such policy*." (emphasis added)

47. Since the American Fire Policy does not afford coverage for the Underlying Litigation, there is no coverage and no duty to defend Normandy, Hansen, and Ali in connection with the Underlying Litigation under the Following Form Endorsement in the Ohio Casualty Policy.

48. In addition, Ali does not qualify as an "Insured" under the Ohio Casualty Policy because the coverage granted by Provision 6 of the "Insured" definition in the Ohio Casualty Policy is "no broader coverage than is provided under such underlying policies."

43. As a result, the claims asserted in the Underlying Complaint are excluded from coverage pursuant to the Following Form Endorsement and definition of "Insured" in the Ohio Casualty Policy.

**WHEREFORE**, Plaintiff, The Ohio Casualty Insurance Company, respectfully requests that this Court enter:

(a) An Order declaring that Plaintiff, The Ohio Casualty Insurance Company, is not obligated to defend Normandy Development, L.P., Hansen Properties, Inc., or Ali Mohamed Ali in connection with the civil action in the Court of Common Pleas, Montgomery Count, filed as Case No. 2018-26710-0;

(b) An Order declaring that Plaintiff, The Ohio Casualty Insurance Company, is not obligated to pay any judgment entered against or settlement made by Normandy Development, L.P., Hansen Properties, Inc., or Ali Mohamed Ali in connection with the civil action in the Court of Common Pleas, Montgomery Count, filed as Case No. 2018-26710-0;

(c) An Order for such other or alternative relief consistent with the claims and causes asserted in this Complaint.

POST & SCHELL, P.C.

Date: 02/26/19         By _____
John C. Sullivan
Atty. I.D. No. 32262
Allison R. Radocha
Atty. I.D. No. 208097
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone: (215) 587-1000
Fax: (215) 587-1444
E-mail: jsullivan@postschell.com
         aradocha@postschell.com
Attorneys for Plaintiffs,
American Fire & Casualty Company and
The Ohio Casualty Insurance Company