# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY, THE OHIO CASUALTY INSURANCE COMPANY<br><br>v.<br><br>NORMANDY DEVELOPMENT, L.P., et al. | CIVIL ACTION<br><br>NO. 19-833 |

## MEMORANDUM RE: MOTION FOR JUDGMENT ON THE PLEADINGS

**Baylson, J.**                                                                                             **September 5, 2019**

### I. Introduction

In this declaratory judgment action, Plaintiffs American Fire and Casualty Company ("American Fire") and The Ohio Casualty Insurance Company ("Ohio Casualty") seek a declaration regarding their rights and obligations under the insurance policies they issued to Defendants Normandy Development, L.P. ("Normandy") and Hansen Properties, Inc. ("Hansen"). This matter is related to an ongoing personal injury action in Pennsylvania state court ("Underlying Action") brought by Norman Venezia ("Venezia") against Defendants Normandy, Hansen, and Ali Mohamad Ali ("Ali"), an employee of Normandy and/or Hansen. The Underlying Action, which does not name American Fire or Ohio Casualty as a defendant, arose from an automobile accident involving Venezia and Ali, who was allegedly operating a vehicle owned by Normandy and/or Hansen.

Presently before this Court is Plaintiffs' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), which seeks a declaratory judgment that Plaintiffs do not have a duty to defend or indemnify Normandy or Hansen in the Underlying Action.

For the reasons discussed below, Plaintiffs' Motion is GRANTED.

1

## II. Factual Background

### A. Parties to the Federal Action

Plaintiffs American Fire and Ohio Casualty are companies incorporated in New Hampshire with their principal places of business in Massachusetts. (ECF 1, "Compl." ¶¶ 1–2.) Defendant Normandy is a limited partnership organized under the laws of Pennsylvania with a principal place of business in Blue Bell, Pennsylvania. (Id. ¶ 3.) Defendant Normandy is a corporation incorporated in Pennsylvania that also has its principal place of business in Blue Bell, Pennsylvania. (Id. ¶ 4.) Defendants Ali and Venezia are both citizens of Pennsylvania who reside in Norristown, Pennsylvania. (Id. ¶¶ 5–6.)

### B. Underlying Action

The events that give rise to this declaratory judgment action are the subject of a complaint in the Underlying Action filed by Venezia against Ali, Normandy, and Hansen in the Court of Common Pleas of Philadelphia County on November 15, 2018 (ECF 1-1, Compl. Ex. A, "Underlying Compl."). The Underlying Complaint alleges that Normandy and/or Hansen entrusted Ali, an employee, with a 2014 Dodge Ram ("Normandy Vehicle") that they owned. (Id. ¶ 6.) At approximately 3:23 PM on December 12, 2016, Ali was driving the Normandy Vehicle westbound on Welsh Road near the intersection of Route 202 in Montgomery County. (Id. ¶¶ 7–8.) While driving erratically, speeding, and operating his cellphone, Ali attempted to pass the vehicle driven by Venezia by entering the eastbound lanes of Welsh Road, and he slammed into the rear of Venezia's vehicle. (Id. ¶¶ 8–9.)

The Underlying Complaint brings a negligence claim against Ali and alleges that Normandy and Hansen are liable for negligent entrustment and negligent hiring and/or supervision/retention. The Underlying Complaint alleges that Ali was "acting as an agent, servant

and/or employee" of Normandy and Hansen and was operating the Normandy Vehicle with their "express and implied knowledge, consent, and permission." (Id. ¶¶ 10–11.) The Underlying Complaint further alleges that Normandy and Hansen "knew or should have known that [Ali] was excluded as a permissible driver of the Normandy Vehicle." (Id. ¶¶ 12–13.) Specifically, Venezia alleges that Normandy and Hansen knew that Ali "was on a list of drivers who were not permitted to drive company vehicles due to his poor driving history, including but not limited to [Ali's] prior alcohol abuse, prior propensity to drink and drive and/or poor driving history including traffic violations and/or accidents, and/or his reputation for reckless driving and/or propensities as a motor vehicle operator." (Id. ¶ 25.) Venezia alleges that he suffered serious injuries, incurred medical expenses, and suffered loss of earnings "[a]s a direct and proximate result of the accident." (Id. ¶¶ 15–19.)

### C. American Fire Policy

American Fire issued a Business Auto Coverage Form ("American Fire Policy") to Normandy and Hansen[1] that was effective from June 6, 2016 to June 6, 2017. (ECF 1-2, Compl. Ex. B, "American Fire Policy.") **Section II – Liability Coverage** provides, in relevant part:

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
. . . .
We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which the insurance does not apply. . . .

---

[1] The named insured is Normandy Development LP, Ballenrose Golf Management Co., c/o Hansen Properties Inc.

(American Fire Policy ¶ II(A).) The American Fire Policy sets forth the following with respect to the definition of "insured":

> 1. **Who Is An Insured:**
>
>    The following are "insureds":
>
>    a. You for any covered "auto."
>
>    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>        **(1)** The owner or anyone else from whom you hire or borrow a covered "auto.". . .
>
>        **(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>
>        **(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>
>        **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
>
>        **(5)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.
>
>    c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(<u>Id.</u> ¶ II(A)(1).) A "Business Auto Coverage Enhancement Endorsement" amended the definition of "insured" to include:

> 2. **EMPLOYEES AS INSUREDS**
>    . . . .
>    g. Any "employee" of yours while operating an "auto" hired or borrowed under a written contract or agreement in that "employee's" name, with your permission, while performing duties related to the conduct of your business and within the scope of their employment. Insurance provided

> by this endorsement is excess over any other insurance available to the "employee."

(Id. at 90[2].) The American Fire Policy was also amended by the following Named Driver Exclusion endorsement, which became effective on August 3, 2016 at 12:01 AM:

> **EXCLUSION OF NAMED DRIVER – PENNSYLVANIA**
> . . . .
> In consideration of the premium at which this policy is written it is understood and agreed that no coverage is provided for any claim arising from an accident or loss that occurs while a covered auto or nonowned auto is operated by:
>
> Named Person(s)
>
> 1.  ALI ALI . . . .
>
> This includes any claim for damages made against you, a relative, or any other person or organization that is vicariously liable for an accident arising from the operation of a covered auto or non-owned auto[.]
> . . . .
> This endorsement is in effect and shall apply to all subsequent renewals, policy endorsements, reinstatements, or continuations of this policy and can only be cancelled or deleted by written request of the Named Insured, with approval of the company.

(Id. at 20.) There is no assertion in the Answer to the Complaint or the Response to the instant Motion that this exclusion was cancelled or deleted.

### D. American Fire's Reservations of Rights

After Venezia filed the Underlying Complaint, American Fire, in a letter dated December 10, 2018, advised Normandy and Hansen that it would provide a defense in the Underlying Action subject to a reservation of rights based on the Named Driver Exclusion. (Compl. ¶ 32.) Specifically, American Fire stated that its "provision of a defense in this Lawsuit [was] subject to a reservation of [its] right to deny coverage (including any obligation to indemnify) for any

---

[2] As the policy is not consecutively paginated, the Court refers to the page number of the ECF filing.

settlement or judgment paid or incurred as a result of this Lawsuit, as well as [its] right to contest the existence of coverage in a declaratory judgment action." (Id.) To the extent permitted by law, American Fire also "reserve[d] the right to . . . withdraw from the defense provided in the event it [were] determined that [it] ha[d] no obligation to defend in this Lawsuit[.]" (Id.) On the same date, American Fire sent the same letter to Ali. (Id. ¶ 33.)

### E. Ohio Casualty Policy

Ohio Casualty issued a Commercial Umbrella Coverage Form ("Ohio Casualty Policy") to Normandy and Hansen[3] that was also effective from June 6, 2016 to June 6, 2017. (Id. ¶ 28; ECF 1-3, Compl. Ex. C, "Ohio Casualty Policy.") The Ohio Casualty Policy provides:

> **I.   COVERAGE**
>
> We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere. The amount we will pay for damages is limited as described below in the **insuring Agreement** Section **II. LIMITS OF INSURANCE.**
>
> **III.   DEFENSE**
>
> > **A.** We will have the right and duty to investigate any "claim" and defend any "suit" seeking damages covered by the terms and conditions of this policy when:
> >
> > > **1.** the applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other insurance providing coverage to the "Insured" have been exhausted by actual payment of "claims" for any "occurrence" to which this policy applies; or
> > >
> > > **2.** damages are sought for any "occurrence" which is covered by this policy but not covered by any underlying policies listed in the Schedule

---

[3] Just as with the American Fire Policy, the named insured on the Ohio Casualty Policy is Normandy Development LP, Ballenrose Golf Management Co., c/o Hansen Properties Inc.

>    of Underlying Insurance or any other insurance providing coverage to
>    the "Insured."
>    . . . .
> D. In all other instances except Subsection **A.** in Section **III. DEFENSE**, we
>    will not be obligated to assume charge of the investigation, settlement or
>    defense of any "claim" or "suit" against the "Insured.". . . .

(Ohio Casualty Policy ¶¶ I, III(A), (D).) The policy defines "Insured" as follows:

> **V.  DEFINITIONS**
>    . . . .
> F. "Insured" means each of the following, to the extent set forth:
>
>    **1.** The Named Insured . . . .
>    . . . . .
>    **6.** Any of your partners, executive officers, directors, or employees
>       but only while acting within the scope of their duties.
>
>    However, the coverage granted by this Provision **6.** does not apply
>    to the ownership, maintenance, use "loading" or "unloading" of any
>    "autos," . . . unless such coverage is included under the policies
>    listed in the Schedule of Underlying Insurance and for no broader
>    coverage than is provided under such underlying policies.

(<u>Id.</u> ¶ IV(F)(1), (6).) The policy also contains the following "Auto Liability – Following

Form" endorsement that modifies the coverage exclusions:

> **AUTO LIABILITY – FOLLOWING FORM**
>
> 1. The following exclusion is added to Section **IV. - EXCLUSIONS:**
>
>    This insurance does not apply to:
>
>    Any liability arising out of the ownership, maintenance, use or entrustment to others
>    of any "auto." Use includes operation and "loading" and "unloading". This
>    exclusion applies even if the claims against any "Insured" allege negligence or
>    other wrongdoing in the supervision, hiring, employment, training or monitoring of
>    others by that "Insured".
>
>    This exclusion does not apply to the extent that insurance for such liability is
>    provided by a policy in the Schedule of Underlying Insurance, and for no broader
>    coverage than is provided by such policy[.]

(Id. at 42[4].)  The "Schedule of Underlying Insurance" does not include an Ohio Casualty policy.

**III.      Procedural History**

Plaintiffs filed the Complaint in this Court against Normandy, Hansen, Ali, and Venezia on February 26, 2019 (ECF 1).  On May 2, 2019, Plaintiffs filed a request for entry of default judgment against Ali under Rules 55(a) and (b)(2) for failure to appear, file an answer or responsive pleading, or otherwise defend the action (ECF 9).  The next day, on May 3, 2019, default was entered against Ali.[5]  On the same date, the parties filed a Joint Stipulation to dismiss Venezia as a Defendant without prejudice, leaving Normandy, Hansen, and Ali as the only remaining Defendants (ECF 10).  The Court has signed the Stipulation.

Normandy and Hansen each filed the same Answer to the Complaint on May 13, 2019 (ECF 12, 13, "Ans.").  In the Answer, Normandy and Hansen argue that the Named Driver Exclusion endorsement does not apply to Ali because at the time of the accident, Ali possessed a driver's license.  (Id. ¶ 39.)  According to Normandy and Hansen, Ali was named in the Named Driver Exclusion endorsement because when the American Fire Policy was issued, Ali did not have a valid driver's license.  (Id.)  Ali did not file an Answer.

Following an unrecorded Rule 16 telephone conference on May 31, 2019, the Court issued a Scheduling Order that required Plaintiffs to file a Motion for Judgment on the Pleadings by June 21, 2019 and ordered Normandy to file a Motion to Compel Discovery by the same date.  (ECF 18 ¶¶ 1, 2.)  Pursuant to the Court's Order, Plaintiffs filed the instant Motion for Judgment on the Pleadings on June 21, 2019 (ECF 19, "Mot.").

---

[4] Because the Ohio Casualty Policy is not consecutively paginated, the Court cites the page number of the ECF filing.

[5] The entry of default appears on the docket without a docket number.

8

On the same date, Normandy filed a Motion to Compel Discovery (ECF 21), to which Plaintiffs filed a Response in opposition (ECF 23). Plaintiffs filed a Motion for Entry of Default Judgment against Ali pursuant to Rule 55(b)(2) on July 12, 2019 (ECF 25). Following a hearing on the Motion to Compel on July 15, 2019, the Court denied the Motion, ordered Defendants to file a Response to the Motion for Judgment on the Pleadings by August 15, 2019, and permitted Plaintiffs to file a Reply in support of the Motion for Judgment on the Pleadings by August 25, 2019 (ECF 26). Accordingly, Defendants Normandy and Hansen filed a Response on August 13, 2019 (ECF 28, "Resp."). Defendant Ali has not filed a Response. Plaintiffs filed a Reply on August 21, 2019 (ECF 29, "Rep.").

## IV.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only when "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). When considering a motion for judgment on the pleadings, a court "must accept as true all facts presented in the complaint and answer and draw all inferences in favor of the non-moving party[.]" Bedoya v. Am. Eagle Express Inc., 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing Zimmerman v. Corbett, 873 F.3d 414, 417–18 (3d Cir. 2017)).

## V.     Discussion

Plaintiffs argue that they have no duty to defend or indemnify Normandy or Hansen in the Underlying Action because the Named Driver Exclusion unambiguously excludes Ali from coverage. (Mot. at 2, 11–14; Rep. at 2–4.) Plaintiffs similarly contend that the plain language of

9

the "Auto Liability – Following Form" endorsement in the Ohio Casualty Policy provides no coverage for claims arising from Ali's operation of the Normandy Vehicle. (Mot. at 15.)

In contrast, Normandy and Hansen, without referencing any contractual language, argue that Plaintiffs have a duty to defend them in the Underlying Action because the accident occurred when Ali was using an insured vehicle for a business purpose. (Resp. at 2, 4–5.) Normandy and Hansen assert that because American Fire has reserved its rights as to indemnification, the only issue before the Court is Plaintiffs' duty to defend. (Id. at 2.) Plaintiffs dispute this proposition because they seek a declaration with respect to both the duty to defend and indemnify. (Rep. at 2.) Accordingly, the Court does not limit its consideration to the duty to defend.

As there is no dispute as to the validity of the policies or the facts alleged, the only issue before this Court is one of law: whether the American Fire or Ohio Casualty Policies release Plaintiffs from the duty to defend or indemnify Normandy and Hansen in the Underlying Action. See Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 558 (3d Cir. 2008) ("Under Pennsylvania law, which the parties agree is applicable here, the 'interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the Court.'" (quoting Donegal Mut. Ins. Co. v. Baumhammers, 938 A.2d 286, 290 (Pa. 2007))).

### A. Legal Framework

When interpreting an insurance contract, a court must "look first to the terms of the policy which are a manifestation of the 'intent of the parties.'" Nationwide Mut. Ins. Co. v. CPB Int'l, Inc., 562 F.3d 591, 595 (3d Cir. 2009) (quoting Baumhammers, 938 A.2d at 290). A court must give the language in an insurance policy "a reasonable and normal interpretation." Progressive N. Ins. Co. v. Schneck, 813 A.2d 828, 831 (Pa. 2002). "When the language of the policy is clear and unambiguous, a court is required to give effect to that language." 401 Fourth St., Inc. v. Inv'rs

Ins. Grp., 879 A.2d 166, 171 (Pa. 2005). In contrast, "[w]hen a provision in a policy is ambiguous, . . . the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage." Id. Language is "ambiguous" "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." Id. (quoting Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999)). As the Court addresses the Named Driver Exclusion and "Auto Liability – Following Form" endorsement below, the Court is "mindful that exceptions and exclusions to liability are to be strictly construed against the insurer, with any ambiguity weighing in favor of the insured." Encompass Home & Auto Ins. Co. v. Denenberg, No. 18-1365, 2019 WL 1227841, at *3 (E.D. Pa. Mar. 13, 2019) (Baylson, J.); see also Frisch v. State Farm & Cas. Co., 275 A.2d 849, 851 (Pa. Super. Ct. 1975) ("[E]xceptions to the general liability of the insurer are to be strictly construed against the insurance company.").

Second, a court must "compare the terms of the policy to the allegations in the underlying claim." Nationwide Mut. Ins. Co., 562 F.3d at 595. In sum, the Court will "look to the language of the policies themselves to determine in which instances they will provide coverage, and then examine [the Underlying Complaint] to determine whether the allegations set forth therein constitute the type of instances that will trigger coverage." Id. at 596 (quoting Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896–97 (Pa. 2006)).

If the Underlying Complaint "avers facts that might support recovery under the policy, coverage is triggered and the insurer has a duty to defend." Sikirica, 416 F.3d at 226; see also Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999) (noting that an insurer has a duty to defend an insured in an underlying action "whenever an underlying complaint may 'potentially' come within the insurance coverage" (citing Erie Ins. Exch. v. Claypoole, 673

11

A.2d 348, 355 (Pa. Super. Ct. 1996))). Just as with the duty to defend, the duty to indemnify "flow[s] from a determination that the complaint triggers coverage." Sikirica, 416 F.3d at 226 (citation omitted). "Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend." Id. at 225; Kvaerner, 908 A.2d at 896 n.7 ("[B]ecause the duty to defend is broader, a finding that it is not present will also preclude a duty to indemnify.") (citation omitted).

### B. Application

#### i. American Fire Policy

Plaintiffs argue that they have no duty to defend or indemnify Normandy or Hansen under the American Fire Policy, particularly because of the Named Driver Exclusion. (See Mot. at 2–3, 14–15.) In the Answer to the Complaint, Normandy and Hansen assert that the Named Driver Exclusion does not bar coverage because the exclusion only applied to Ali when he did not possess a valid driver's license. (Ans. ¶ 12.) As Ali possessed a valid driver's license at the time of the accident, Normandy and Hansen claim that Plaintiffs have a duty to defend them against Venezia's claims. (Id.) However, in the Response to the instant Motion, Normandy and Hansen seem to agree with Plaintiffs that the policy excludes Ali from coverage. (See Resp. at 5) ("[T]he driver's actions might be excluded from the benefits of the policy . . . .") Nevertheless, Normandy and Hansen argue that Plaintiffs have a duty to defend them because Ali was driving an insured vehicle at the time of the accident. (Id.)

As set forth above, the American Fire Policy obligates American Fire to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (American Fire Policy ¶ II(A).) Similarly, American Fire is required to

"defend any 'insured' against a 'suit' asking for such damages." (Id.) Under the policy, however, American Fire "ha[s] no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' . . . to which this insurance does not apply." (Id.)

The Named Driver Exclusion in the policy limits further coverage by stating that "no coverage is provided for any claim arising from an accident or loss that occurs while a covered auto or noncovered auto is operated by: . . . Ali." (Id. at 20.) The exclusion "includes any claim for damages made against you, a relative, or any other person or organization that is vicariously liable for an accident arising from the operation of a covered auto or non-owned auto[.]" (Id.) The exclusion states that it remains "in effect and shall apply to all subsequent renewals, policy endorsements, reinstatements, or continuations of this policy and can only be cancelled or deleted by written request of the Named Insured, with approval of the company." (Id.) Although this endorsement is not signed, Normandy and Hansen do not deny that the exclusion was part of the policy. (See Ans. ¶ 27.)

The Court concludes that the American Fire Policy unambiguously releases American Fire from any liability for claims arising out of Ali's collision with Venezia. The policy only obligates American Fire to "pay all sums an 'insured' must legally pay as damages because of 'bodily injury' or 'property damage' <u>to which this insurance applies</u>, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (American Fire Policy ¶ II(A) (emphasis added).) Conversely, American Fire has no obligation to "defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' . . . to which this insurance does not apply." (Id.) Though the Underlying Complaint seeks damages because of bodily injury allegedly incurred "[a]s a direct and proximate result of the accident" that involved Ali's use of a "covered

13

'auto,'" the insurance does not apply because of the Named Driver Exclusion. (See Underlying Compl. ¶ 15.)

The Named Driver Exclusion clearly states that no coverage is provided for "any claim arising from an accident or loss that occurs while a covered auto . . . is operated by: . . . Ali." (American Fire Policy at 20.) This exclusion applies to "any claim for damages" made against Normandy and/or Hansen. (Id.) The Underlying Complaint alleges that the accident occurred while "Ali[] was operating the Normandy [V]ehicle" owned by Normandy and/or Hansen. (Underlying Compl. ¶¶ 6–8.) The exclusion of "any claim for damages" plainly encompasses the claims in the Underlying Complaint, which seeks compensatory damages. The Pennsylvania Supreme Court has found a named driver exclusion with nearly identical language to the American Fire Policy to unambiguously exclude coverage. See Progressive N. Ins. Co., 813 A.2d at 831 (holding that a named driver exclusion that denied coverage for "any claim" plainly barred recovery of underinsured motorist benefits for an accident involving an excluded driver). While Normandy and Hansen argue that the status of Ali's driving privileges affects the validity of the Named Driver Exclusion, as Plaintiffs point out, the plain language of the exclusion provides that it would remain in effect unless it was "cancelled or deleted." (See Rep. at 14 (quoting American Fire Policy at 20).) Defendants do not assert that the exclusion was cancelled or deleted.

Courts are only permitted to go beyond the "plain meaning" of contractual language if it is "contrary to a clearly expressed public policy," which is not the case here. Progressive N. Ins. Co., 813 A.2d at 831. While Normandy and Hansen do not argue that the Named Driver Exclusion is against public policy, the Court notes that state and federal courts in Pennsylvania have upheld named driver exclusions as consistent with public policy. See, e.g., Selective Way Ins. Co. v. Gingrich, No. 1:10-CV-405, 2010 WL 4362450, at *3–5 (M.D. Pa. Oct. 27, 2010) (concluding

14

that an insurance company did not have a duty to defend or indemnify a driver who was specifically excluded from receiving insurance coverage under a valid and enforceable named driver exclusion); Trimmer v. Nationwide Mut. Ins. Co., No. 54 WDA 2014, 2014 WL 10790061, at *3 (Pa. Super. Ct. Oct. 21, 2014) (affirming grant of summary judgment in favor of insurance company that properly declined to insure a driver with an extensive driving record in a named driver exclusion). Therefore, the Court must give force to the plain meaning of the American Fire Policy and conclude that Plaintiffs do not have a duty to defend Normandy or Hansen in the Underlying Action. As the duty to defend is broader than the duty to indemnify, it follows that Plaintiffs also do not have a duty to indemnify Normandy or Hansen. See Sikirica, 416 F.3d at 226; Kvaerner, 908 A.2d at 896 n.7.

### ii. Ohio Casualty Policy

Plaintiffs further argue that the Ohio Casualty Policy does not provide coverage for Normandy or Hansen in connection with the claims in the Underlying Complaint. (Mot. at 15.) Normandy and Hansen do not raise any arguments with respect to the Ohio Casualty Policy, but rather refer to a single "insurance policy." (See Resp. at 4–5.)

The "Auto Liability – Following Form" endorsement in the policy explains that it does not cover "any liability arising out of the ownership, maintenance, use or entrustment to others of any 'auto.'" (Ohio Casualty Policy at 42.) The endorsement provides that it "applies even if the claims against any 'Insured' allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that 'Insured'." (Id.) While the exclusion does not apply "to the extent that insurance for such liability is provided by a policy listed in the Schedule of Underlying Insurance," Normandy and Hansen do not dispute that the endorsement was included in the policy. (Id.; see also Ans. ¶¶ 28–31.)

The Court concludes that the "Auto Liability – Following Form" endorsement unambiguously bars insurance coverage related to Venezia's alleged injuries. The Underlying Complaint alleges three Counts: negligence against Ali, negligent entrustment against Normandy and Hansen, and negligent hiring and/or supervision/retention against Normandy and Hansen. Venezia's claims arise from Ali's operation of a covered "auto," the Normandy Vehicle, with Normandy and Hansen's "express and implied knowledge, consent, and permission." (Underlying Compl. ¶¶ 11–13.) The Underlying Complaint further alleges that Normandy and Hansen "negligently entrusted the possession, operation and use of the [Normandy] [V]ehicle to . . . Ali." (Id. ¶ 26.)

Accordingly, the plain terms of the "Auto Liability – Following Form" endorsement, which applies to "[a]ny liability arising out of the ownership, . . . use or entrustment to others of any 'auto[,]'" including claims of negligence, negligent hiring, and negligent supervision, exclude Venezia's claims from coverage. (See Ohio Casualty Policy at 42.) Therefore, Plaintiffs have no duty to defend Normandy or Hansen under the terms of the Ohio Casualty Policy. Just as with the American Fire Policy, because there is no duty to indemnify without a duty to defend, the Court also concludes that Plaintiffs do not have a duty to indemnify Normandy or Hansen in the Underlying Action. See Sikirica, 416 F.3d at 226; Kvaerner, 908 A.2d at 896 n.7.

## VI.     Conclusion

Plaintiffs' Motion for Judgment on the Pleadings will be granted.

An appropriate Order follows.

O:\CIVIL 19\19-833 American Fire v Normandy Dev\19cv833 Memo re Mot. for Judgment on Pleadings.docx